**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-102S** |
| | : | |
| **JOSHUA COLE** | : | |

# GOVERNMENT'S SENTENCING MEMORANDUM

## INTRODUCTION

Defendant Joshua Cole requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. The defendant argues that a combination of circumstances such as an impoverished upbringing, his substance abuse, his criminal history and the nature of the offense[1] entitles him to a sentence below the 87 to 108 month range found by the United States Probation Department. The government disagrees, and believes the guideline range is reasonable in this case.

## LAW

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them

---

[1] Specifically, the defendant claims he is entitled to a variance because there is a crack/powder disparity under the guidelines, there was no ammunition with the firearm and although he sold drugs within 1,000 feet of the school, there was no evidence he was dealing to schoolchildren.

into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guideline calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

A. Departures

In terms of a guideline analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guideline

departure. See United States v. Dethlefs, 123 F.3d 39, 44 (1st Cir. 1997). Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guideline departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996).

B. Variances

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

In this Circuit, the guidelines are "more than just 'one

factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guideline range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Departure based upon criminal history

The defendant asks the court to consider the fact that his prior drug convictions were felony possession convictions as opposed to distribution charges. Such a consideration is not a basis for a departure under the guidelines. For the most part, a defendant's criminal history category is based upon the length of the sentence imposed for each conviction, not the type of offense

involved. See U.S.S.G. §§ 4A1.1 and 4A1.2. The sentencing guidelines recognize that prior convictions from a variety of jurisdictions may pose classification problems, thus "[t]o minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed . . . rather than on other measures. . . ." See U.S.S.G. § 4A1.1, Background commentary note.

Moreover, to the extent the type of offense involved has any relevance upon the criminal history category, the guidelines address this concern. See, e.g., U.S.S.G. § 4A1.2(c)(excluding certain types of offenses from consideration); U.S.S.G. § 4B1.1 (career offender provision based upon convictions for drug trafficking or a crime of violence).

The defendant's criminal history if anything is under-represented in light of the lenient sentences he has received in the past. His involvement with law enforcement has been continuous, and he has received numerous chances. Thus, his risk of recidivism, the factor the criminal history category is designed to reflect, is if anything understated. See generally U.S.S.G. § 4A1.3, commentary note 3 and Background note.

B. Variance based upon disadvantaged upbringing

Contrary to the admonition in Jimenez-Beltre that the proponent of a variance has to provide support for a sentence below the advisory guideline range, defendant has provided no

support for such a decision. Defendant asks this Court for leniency based on his impoverished background and the fact that his mother died when the defendant was young and the defendant's father was incarcerated. However, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

Although the guidelines prohibit departure based upon the defendant's background, the Court may consider such an argument as grounds for a variance. The defendant's background, however, is not unusual relative to most offenders prosecuted on federal narcotics trafficking charges. A difficult upbringing is neither a moral nor a legal justification for breaking the law. Furthermore, it is a common denominator in a drug case that would dictate a variance in virtually every case.

C. Variance based upon the disparity between crack cocaine and powder cocaine

Defendant argues that he should receive a departure because of the "severity of the crack cocaine guidelines." As the First Circuit recently held in United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006), "Booker established that a district court may

exercise discretion in fashioning sentences - but that discretion was meant to operate only within the ambit of the individualized factors spelled out in section 3553(a)." The sentencing court is not free to downwardly depart based on a disagreement with the policy choice made by Congress in establishing a 100:1 crack-to-powder ratio. See Pho, 433 F.3d at 65.

D. Variance based upon substance abuse

The guidelines recognize that drug dependence "is not a reason for a downward departure . . . [and] is highly correlated to an increased propensity to commit crime." See U.S.S.G. § 5H1.4. In other words, because of the defendant's drug use, the defendant poses a greater threat to society. Furthermore, the consideration the defendant asks for can be earned by defendant through the Bureau of Prisons if he participates in the 500-hour drug treatment program, and receives the additional credit towards his sentence. It is better for the defendant and society if he earns the leniency he seeks through participation in a treatment program.

E. Variance based upon the firearm and the school zone

The defendant now asks the Court to vary from the guideline range based upon factors for which he admitted he should receive adjustments. Given the location of the firearm to 13 cell phones the defendant received from "custies," it is very likely he received the firearm in a drug trade, a far more likely

probability than his incredible explanation for how the cell phone ended up in the backpack with his 13 cell phones. Additionally, the fact that the firearm was not loaded does not negate its ability to be used in criminal activity. Accordingly, the Court should hold the defendant accountable for what he bargained for in his plea agreement - an adjustment for the firearm.

Likewise, the defendant's sentence should reflect the location in which he conducted his drug dealing. The law provides special protection from narcotics trafficking to the areas in which our children must frequently travel, as well as special protection to the children themselves. To sell to a minor is a separate offense. See 21 U.S.C. § 859. The defendant admits that he sold drugs, and that his customers would come to his apartment to obtain drugs. Unfortunately for the schoolchildren in the defendant's neighborhood, they had to pass by his apartment to attend school. Whether or not the defendant specifically targeted the schoolchildren as customers is not relevant to his case - he readily admits he sold drugs in a protected location, and his sentence should reflect this aggravated circumstance.

**CONCLUSION**

In sum, the defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds

to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Mary McElroy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Notification by facsimile, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj