UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA COLE A/K/A "JAY O" Defendant | |
| v. | |
| UNITED STATES OF AMERICA Respondent | CASE NO. 1:06CR00102-01S |

Motion Requesting The Modification Of Term Of Imprisonment Pursuant to 18 U.S.C. 3582(C)(2) & Sect. 3553(A).

NOW COMES Joshua Cole , Pro Se, seeking relief from this Honorable District Court, pursuant to 18 U.S.C. § 3582(C)(2) and § 3553(A) to Modify term of imprisonment. Additionally, Joshua Cole moves this court to accept this motion pursuant to Haines v. Kerner,404 U.S. 519, 30 L. Ed 2d 652, 92 S. Ct. 592 (1972). Holding that Pro Se litigants are held to less stringent standards than lawyers.

IN SUPPORT OF THIS MOTION JOSHUA COLE WILL SHOW THE FOLLOWING:

JURISDICTION

This Honorable court has jurisdiction under this statue 18 U.S.C. § 3582(C)(2) which reads: In case of a defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 994 (O), upon Motion of the defendant or the Director of the Bureau of Prisons, or on its own Motion, the court may reduce the term of imprisonment after considering the factors set forth in § 3553(A) to the extent that they are applicable

Continued from page 1. 

if such a reduction is consistent with applicable policy statements issued by the sentencing commission.

STATEMENTS OF FACTS

The defendant was found guilty on 1 Count(s) 1:06CR00102-01S charging that the defendant had committed violations of 21 U.S.C. §§ 841(a)(1),(b)(1)(B) and 860 Possession With Intent to Distribute 5 grams or more of cocaine within 1000 feet of a school. At the time of sentencing, defendant was placed in criminal history category # 3 . The applicable base offense level for the above 1 count(s) was base offense level 29 .

Since the time of Petitioner's sentence, the guidelines have been amended to where the Petitioner should now be in category 3 and a base offense level of 27 .

ARGUMENT

In United States v. Coleman, W.D.M.D. 1997, 958 F. Supp. 452, it was held that, "Life sentence in drug case, that was mandated by earlier sentence guidelines, was subjected to modification." See also Unites States v. Armstrong, C.A. 11(ALA) 2003, 347 F.3d 905 where it was held that; "for a sentence to be reduced retroactively under statutory subsection providing for modification of an imposed term of imprisonment, a court must determine whether, there has been an Amendment to the sentencing guidelines that lowered the guidelines applicable to that sentence, and listed under guideline policy statement regarding reduction in the term of imprisonment as a result of the amended guideline range.

Continued from page 2. 

in this instant matter, the language of the sentencing commission's amendment was made clear in the new provision that reduces base offense levels for "cocaine base" by two levels. Defendant was sentenced under 21 U.S.C. §§ 841(a)(1),(b)(1)(B) and 860 Possession with intent to distribute 5 grams or more of [cocaine base] within 1000 feet of a school and was sentenced to 108 to 135 months. As such, under the new amendment of the sentencing commission, defendant's sentence should be modified to the base offense level of 27 placing the defendant in the sentencing range of 87-108 months.

Under Kimbrough v. United States, 128 S.Ct. 558, 169, L.Ed 2d 481 (2007) (citing United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed 621,); this district court has the discretion to resentence defendant under the new sentencing commission's guidelines which stipulates that the "crack laws" have been changed and made retroactive subsequent to November 1, 2007.

Therefore, the district court should use its authority to resentence defendant based on the amendment showing the guidelines of "cocaine base being lowered. It would be fair, based on the foregoing in the interest of the prevailing change in "crack laws", to reduce the defendant's term of imprisonment, considering the factors set forth in § 3553(a).

Defendant declares under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Joshua Cole

Joshua Cole #05788-070
USP, Canaan
P.O. Box 300
Waymart, PA 18472

Date 4-21-08 2008

CERTIFICATE OF SERVICE

I, Joshua Cole, certify that on 4-21-08 2008 that the foregoing "Motion to Modify Sentence" pursuant to 18 U.S.C. §3582(C)(2) and § 3553(a), was placed in the USP, Canaan mail system and forwarded to the following parties pursuant to F.R. Crim. P. Rule 49(a).

cc:

U.S. District Judge
William E. Smith
U.S District Court
One Exchange Terrace
Providence, Rhode Island 02903

U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

Public Defender's Office
Mary McElroy, Atty.
10 Weybosset Street
Providence, RI 02903

Clerk of Court
U.S. District Court
One Exchange Terrace
Providence, RI 02903

Respectfully submitted,

/s/ Joshua Cole

Joshua Cole #05788-070
USP, Canaan
P.O. Box 300
Waymart, PA 18472

Date 4-21-08 2008.