UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA      :
                              :
           v.                 :      CR No. 06-102S
                              :
JOSHUA COLE                   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a preliminary hearing was held on January 21, 2014, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to three of the four charged violations.  The remaining violation was dismissed by the Government.  At that hearing, I ordered Defendant detained pending final sentencing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of the Defendant, I recommend that Defendant be sentenced to time served as of the time of final sentencing before Chief Judge William E. Smith with sixty months of supervised release to follow, and that Defendant be ordered to satisfy the $100.00 special assessment originally ordered.  I further recommend that, while on supervised release:

1.     Defendant participate in and satisfactorily complete a program of mental health treatment as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2.     Defendant participate in and satisfactorily complete a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

3.     Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Office.

4.     Defendant shall spend the first three months of supervised release on a curfew with GPS monitoring, and will be restricted to his residence every day from 6:30 p.m. to 6:30 a.m. Exceptions to the schedule are only allowed for employment purposes and treatment and must be pre-approved by the Probation Office.

**Background**

On July 18, 2013, the Probation Office petitioned the Court for the issuance of a warrant. On July 19, 2013, the District Court reviewed the request and ordered the issuance of a warrant. Defendant appeared in Court for a preliminary revocation hearing on January 21, 2014.  He then admitted to the following charges:

**The Defendant shall refrain from any unlawful use of a controlled substance.**

Mr. Cole used cocaine as evidenced by positive drug screens submitted on February 4, 2013 and March 19, 2013 and his subsequent admissions to use.

**The Defendant shall participate in and satisfactorily complete a program of mental health treatment to address anger management, as approved by the Probation Office, until such time as he is released from the program by the Probation Officer.**

On June 28, 2013, the Probation Office was advised by CODAC Behavioral Healthcare that Mr. Cole was discharged from dual diagnosis treatment for failure to attend treatment sessions as directed.  Mr. Cole failed to report for appointments on fifteen separate occasions from December 2012 to June 2013.

**The Defendant shall participate in and satisfactorily complete a program approved by the Probation Office for inpatient or outpatient treatment of narcotic addiction or drug or alcohol dependency which will include testing (up to seventy-two drug tests per year) for the detection of substance use or abuse.**

On June 6, 2013, the Probation Office was advised by Bridgemark, an intensive outpatient substance abuse treatment program, that Mr. Cole was discharged from the IOP treatment program for failure to attend treatment sessions as directed.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.  At the January 21, 2014 hearing, the Government made an oral motion to amend the Violation Petition to dismiss the following charge pursuant to a "plea agreement:"

**While on supervision, Defendant shall not commit another federal, state or local crime.**

On July 2, 2013, Mr. Cole committed the offenses of Manufacture/Possession with Intent to Distribute a Schedule I/II Substance (Cocaine), Manufacture/Possession with Intent to Distribute a Schedule I/II Substance (Marijuana) and Conspiracy to Violate the Controlled Substance Act as evidenced by his arrest by the Providence Police Department on that day.

The Government's Motion to dismiss this charge was granted.

**Recommended Disposition**

-3-

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed.  In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence.  In this case, Defendant was on supervision for a Class B felony.  Therefore, he may not be required to serve more than three years' imprisonment upon revocation.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that

was imposed upon revocation of supervised release.  In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.  In this case, Defendant has committed a Grade C violation.  Therefore, the Court may revoke supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of

imprisonment.  In this case, Defendant has thirty-six days remaining of ninety days of supervised release on a curfew with GPS monitoring, having served from May 8, 2013 until his incarceration on July 2, 2013.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed Grade C violations and has a Criminal History Category of III.  He is serving a term of supervised release as a result of a Class B felony.  Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-

-6-

half of the minimum term is satisfied by imprisonment.  Neither of these provisions apply to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

This case was resolved pursuant to a "plea agreement" and agreed joint sentencing recommendation which I find reasonable and recommend.  Defendant commenced an eight-year term of supervised release in late 2011.  To date, Defendant has proven difficult to supervise.  He has not worked and spent many days unproductively wandering.   He reverted to the use of cocaine in 2013 and was discharged from both a drug treatment and a mental health treatment program for missing numerous appointments.

At one point in 2013, Defendant moved in with an old friend, Dayrell Nathaniel.  Although Probation had concerns about Mr. Nathaniel's background, Defendant's housing options were limited.  Unfortunately, Probation's concerns were well-founded and the house was raided on July 3, 2013 for suspected drug dealing activity.  Both Defendant and Mr. Nathaniel were charged by the State with felony drug trafficking charges.  The police seized relatively small quantities of marijuana and cocaine from the house as well as a scale and other drug distribution supplies.  Mr. Nathaniel pled nolo on August 16, 2013 and is currently serving a prison sentence.  See State v. Nathaniel, P2-2013-2422A.  Defendant was initially charged but the charges were dismissed on January 6, 2014 for lack of prosecution.  See State v. Cole, 62-2013-07230.  It is unclear whether the State will ultimately pursue those charges.  Defendant was held in State custody from July 3, 2013 until he was

brought before this Court on January 7, 2013 and held on this pending violation charge.  In other words, Defendant spent six months in jail on the State charges without a trial.

Although Defendant's involvement in Mr. Nathaniel's drug business is disputed, Defendant's knowledge of such activity cannot reasonably be disputed and, in fact, according to the police report, Defendant directed police to the location of some of the seized narcotics.  Given his history and term of supervised release, Defendant exercised poor judgment in choosing to reside with Mr. Nathaniel and staying there when Mr. Nathaniel's business became, or should have become, apparent to him.  Defendant's poor decision has cost him several months in jail and hopefully has taught him a lesson about the risks of associating with bad people.

The proposed sentencing recommendation adequately punishes Defendant for his Grade C violations and provides the necessary supports to allow Defendant to be more successful for the remainder of his term of supervision.  Accordingly, I adopt the parties' proposed violation sentence and recommend it.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be sentenced to time served as of the time of final sentencing before Chief Judge William E. Smith with sixty months of supervised release to follow, and that Defendant be ordered to satisfy the $100.00 special assessment originally ordered.  I further recommend that, while on supervised release:

1.      Defendant participate in and satisfactorily complete a program of mental health treatment as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2.      Defendant participate in and satisfactorily complete a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

3.      Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Office.

4.      Defendant shall spend the first three months of supervised release on a curfew with GPS monitoring, and will be restricted to his residence every day from 6:30 p.m. to 6:30 a.m. Exceptions to the schedule are only allowed for employment purposes and treatment and must be pre-approved by the Probation Office.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  LR Cr 57.2; Fed. R. Crim. P. 59.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 22, 2014